Filed 12/16/14  In re F.A. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re F.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>F.A.,<br><br>        Defendant and Appellant. | A142264<br><br>(Contra Costa County<br>Super. Ct. No. J11-00741) |

F. A. appeals from an order continuing him as a ward of the juvenile court and ordering his out of home placement.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We conclude there are no issues requiring further review and affirm.

DISCUSSION

F.A. first came under the jurisdiction of the juvenile court in 2011, when he entered a no contest plea to allegations that he committed an assault with a deadly weapon.  He was placed on probation in his mother's custody.  His record on probation has been poor.  Following his third violation of probation in October 2012, F.A. was committed to the county's ranch program for 90 days.  After his release from that

1

commitment, F.A. violated his probation three more times. He remained in his mother's custody.

This is F.A.'s seventh violation of probation. He admitted the allegations. Based upon our review of the record, we have no reason to question the sufficiency of the court's advisements, F.A.'s waivers of his rights or his admission to the charges. His admission appears knowing and voluntary.

In light of F.A.'s poor performance on probation in his mother's custody, the court determined that F.A.'s welfare required his removal from the family home for a period of detention. He was placed in juvenile hall pending a court approved placement. His maximum custody time was set at 144 days.

F.A.'s counsel has represented to us that she advised F.A. of her intention to file a *Wende* brief in this case and of F.A.'s right to submit supplemental argument on his own behalf. He has not done so.

There was no error. Our full review of the record discloses no issues that require further briefing.

DISPOSITION

The order is affirmed.

_____

Siggins, J.

We concur:

_____

McGuiness, P.J.


_____

Pollak, J.

2